IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 01-cv-01807-MSK-MJW

BANK ONE, N.A. (successor to Bank One, Colorado, N.A.), and
BANK ONE TRUST COMPANY, N.A., as Trustee of the Dora Lucille Jamison Trust and the
Jamison Family Trust,

   Plaintiffs,

v.

C.V.Y. CORPORATION, d/b/a Your Valet Cleaners, and
JOHNNY ON THE SPOT, INC.,

   Defendants.

---

BOULDER CLEANERS, INC., and
JOHN'S CLEANERS, INC.,

   Cross-Plaintiffs,

v.

C.V.Y. CORPORATION, d/b/a Your Valet Cleaners,

   Cross-Defendant.

---

C.V.Y. CORPORATION, d/b/a Your Valet Cleaners,

   Counterclaimant,

v.

BANK ONE, N.A. (Successor to Bank One, Colorado, N.A.) and
BANK ONE TRUST COMPANY, N.A., as Trustee of the Dora Lucille Jamison Trust and the
Jamison Family Trust,

   Counterclaim Defendants.

## ORDER DENYING MOTIONS

THIS MATTER comes before the Court on two motions filed by C.V.Y. Corporation and Johnny on the Spot, Inc. (collectively, "CVY/JOS").  The first is a Motion for Leave to Assert Counterclaim for CERCLA 42 U.S.C. § 9613 Contribution Against Plaintiffs **(#437)**, and the second is a Motion for Reconsideration of the Court's Order Granting the Plaintiffs' Motion for Summary Judgment on Counterclaims Asserted by Defendant C.V.Y. Corporation **(#438)**.  Bank One, Colorado, N.A., and Bank One Trust Company, N.A. ("Bank One") filed a combined response **(#449)** in opposition to both motions, and CVY/JOS filed a combined reply **(#451)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I.  Background

On October 31, 2002, the Court issued an Order Approving Settlement Agreement **(#196)** which approved, over CVY/JOS's objection, a settlement agreement between Bank One and Defendants Boulder Cleaners, Inc. and John's Cleaners, Inc.  In objecting to the settlement agreement, CVY/JOS's concern was that the settlement would somehow impact their liability to Bank One.  The Court determined that Bank One's recovery of contribution costs in this case would be reduced by the settling Defendants' proportionate share of liability.  Such determination was premised upon application of the proportionate share rule in the Uniform Comparative Fault Act.  In other words, the Court ruled that CVY/JOS could not be liable to Bank One for more than its proportionate share of the fault, and would not be penalized to the extent that the

2

settlement did not sufficiently reflect the liability of the settling Defendants.

Over the course of this case, the Court has revisited this issue several times.  On February 11, 2003, the Court issued an Order Granting Motion for Reconsideration and Denying Modification of its Prior Order (**#236**).  CVY/JOS had argued that the Court improperly disposed of their cross-claims against the settling Defendants for contractual indemnification, breach of contract, and indemnification under CERCLA.  In conjunction with this motion, the Court stated that because CVY/JOS could only be liable for contamination for which they are personally responsible, there was no basis for any indemnification cross-claims asserted against the settling Defendants.

On January 22, 2004, the Court issued an Order on Pending Motions Pertaining to Cross-Claims (**#351**).  CVY/JOS had moved the Court to reconsider its ruling that they could not proceed on cross-claims for indemnification against the settling Defendants.  The Court again ruled that CVY/JOS could not proceed on indemnification cross-claims against the settling Defendants, but also noted that "the October 31, 2002 Order and settlement ensure that CVY will not be required to pay for any damages for which it was not at fault."

On March 31, 2004, the Court issued several rulings on the parties' motions for summary judgment (**#377, #380, #381**).  The last of these (**#381**) granted Bank One's motion for summary judgment on CVY's counterclaims, including a counterclaim for contractual indemnification.  That Order again acknowledged that Bank One can only recover damages from CVY to the extent that CVY is at fault, and that CVY cannot be liable for any injury caused by the settling Defendants.  In addition, the contract did not require Bank One to indemnify CVY for CVY's liability caused by CVY's own actions.  Thus, as to CVY's claim for contractual indemnification

3

against Bank One, the Court concluded that the contract's indemnification provision could not come into play.

Almost nine months subsequent to that ruling, the Supreme Court issued its decision in *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157 (2004). In that case, the Supreme Court held that a private party who had not been sued under CERCLA §§ 106 or 107(a) could not sue for contribution under CERCLA § 113(f)(1).

At that juncture, Bank One was asserting a claim for contribution against both CVY and JOS under CERCLA § 113(f)(1). Approximately 18 months later, on June 30, 2006, the Court held a hearing to address the status of the case and the trial scheduled to commence in September 2006. At that hearing, Bank One advised the Court that, pursuant to the *Cooper Industries* decision, it intended to withdraw its contribution claim. In response, counsel for CVY/JOS stated that withdrawal of the contribution claim would change the posture of the case, and that it had not pursued a counterclaim for contribution because Bank One had asserted such a claim.

A week after the hearing, CVY/JOS filed the instant motions in anticipation that Bank One would formally withdraw its contribution claim, and in anticipation that Bank One would argue that the *Cooper Industries* decision precludes equitable apportionment under CERCLA § 107. The first motion seeks leave to assert a CERCLA contribution claim against Bank One, and the second seeks reconsideration of the March 31, 2004 Order and asks that the counterclaim for contractual indemnification against Bank One be reinstated. Bank One filed a consolidated response in opposition, and CVY/JOS filed a consolidated reply.[1]

---

[1]The Court notes that although the parties subsequently engaged in mediation, they were not successful in resolving this long-standing matter by settlement agreement. Thus, the Court anticipates the parties' compliance with the Order of October 5, 2006 (**#450**) to facilitate the setting of trial.

## II.  Issues Presented

There are two issues presented.  The first is whether CVY/JOS should be permitted to assert a counterclaim for contribution against Bank One under CERCLA § 113(f)(1).  The second is whether the Court should reconsider its ruling of March 31, 2004 granting Bank One's motion for summary judgment on CVY's counterclaim for indemnification.

## III.  Analysis

Both of CVY/JOS' motions are premised upon the fear that, if Bank One withdraws its contribution claim (which it has never formally done), CVY/JOS will be exposed to liability for the wrongful conduct of others unless they are permitted to assert a contribution or indemnification counterclaim against Bank One.  Bank One responds that the request to assert a contribution counterclaim is untimely, and that CVY/JOS could have asserted such counterclaim at any time during the litigation but chose not to do so.  It also states: "Defendants hardly can claim to be surprised that Plaintiffs' section 107 [response cost recovery] claim could result in their being held jointly and severally liable for the costs of the cleanup in this action."

The Court recognizes that this case has evolved over a period of several years.  Bank One apparently believes that the *Cooper Industries* decision compels it to withdraw its contribution claim under CERCLA.  Withdrawal of such claim, however, does not put this litigation back to square one.  Bank One entered into a settlement agreement with two Defendants (the settling Defendants), and this Court has repeatedly ruled that, as a result of that settlement, CVY/JOS cannot be liable for more than its share of the fault – not just in the context of Bank One's contribution claim, but also in the context of disposing of CVY's counterclaim for indemnification against Bank One.  This ruling stands.  Bank One, through withdrawal of its contribution claim,

5

cannot unilaterally expose CVY/JOS to additional liability given the extensive history of this case and the rulings that have flowed from the October 31, 2002 Order Approving Settlement Agreement.[2]

Regardless of what claims, counterclaims, or cross-claims have been pled in this case, there are limited, discrete factual issues to be tried. If necessary and appropriate, the pleadings can be amended to conform with the evidence. *See* Fed. R. Civ. P. 15(b); *Green Country Food Market, Inc. v. Bottling Group, LLC,* 371 F.3d 1275, 1280-81 (10th Cir. 2004). However, there is no justification for reconsideration of the 3-year old summary judgment ruling, nor to further complicate this longstanding controversy by amendment of the pleadings at this time.

---

[2] Both Bank One and CVY/JOS apparently assume that withdrawal of the contribution claim might expose CVY/JOS to greater liability. From what they have filed, it is not crystal clear why they believe this to be the case. CVY/JOS premises its motions upon a footnote in the Second Circuit's decision in *Consolidated Edison Co. of New York, Inc. v. UGI Util., Inc.*, 423 F.3d 90 (2d Cir. 2005), *petition for cert. filed,* 74 USLW 3600 (Apr 14, 2006)(NO. 05-1323). Not only is the substance of that footnote *dicta*, but the Court cannot discern how it implies that CVY/JOS would be subject to greater liability if Bank One withdraws its contribution claim in light of the procedural history of this case.

**IT IS THEREFORE ORDERED** that the Motion for Leave to Assert Counterclaim for

CERCLA 42 U.S.C. § 9613 Contribution Against Plaintiffs **(#437)**, and the Motion for

Reconsideration of the Court's Order Granting the Plaintiffs' Motion for Summary Judgment on

Counterclaims Asserted by Defendant C.V.Y. Corporation **(#438),** are **DENIED.**

Dated this 23rd day of March, 2007

BY THE COURT:

_____

Marcia S. Krieger
United States District Judge