IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 01-cv-01807-MSK-MJW

BANK ONE, N.A. (successor to Bank One, Colorado, N.A.), and
BANK ONE TRUST COMPANY, N.A., as Trustee of the Dora Lucille Jamison Trust and the Jamison Family Trust,

    Plaintiffs,

v.

C.V.Y. CORPORATION, d/b/a Your Valet Cleaners, and
JOHNNY ON THE SPOT, INC.,

    Defendants.

---

BOULDER CLEANERS, INC., and
JOHN'S CLEANERS, INC.,

    Cross-Plaintiffs,

v.

C.V.Y. CORPORATION, d/b/a Your Valet Cleaners,

    Cross-Defendant.

---

C.V.Y. CORPORATION, d/b/a Your Valet Cleaners,

    Counterclaimant,

v.

BANK ONE, N.A. (Successor to Bank One, Colorado, N.A.) and
BANK ONE TRUST COMPANY, N.A., as Trustee of the Dora Lucille Jamison Trust and the Jamison Family Trust,

1

Counterclaim Defendants.

## ORDER DIRECTING SUBMISSION OF
## PROPOSED FINAL PRE-TRIAL ORDER

THIS MATTER came before the Court for a hearing on May 8, 2007. In accordance with the Court's oral ruling,

**IT IS ORDERED** that no later than **May 22, 2007**, the parties shall jointly file a proposed final pre-trial order and e-mail a copy of the proposed final pre-trial order to krieger_chambers@cod.uscourts.gov. Except as specifically modified herein, parties should use the format of Appendix G of this Court's Local Civil Rules for the Proposed Pre-Trial Order, available at the Court's website. *See* www.co.uscourts.gov. Such format shall be modified as follows:

Section 3: Claims and Defenses – Parties are encouraged to omit a narrative summary of the claims, defenses, facts, and legal theories. If a party includes a narrative summary, such summary shall not exceed one page in length.

Regardless of whether a narrative is included, this section **MUST** include a separate enumeration of each claim and affirmative defense to be tried. For each claim and affirmative defense, the parties shall designate:

1) whether the claim is triable to the bench or to a jury;

2) which party has the burden of proof;

3) the standard of proof;

4) if governed by state law, the applicable state law; and

2

5) each element, separately stated. For each element, the parties should state whether it is stipulated. If it is not stipulated, the party with the burden of proof must state the fact(s) in support of each element, referring specifically to each witness and exhibit which will be presented to establish such facts. The party without the burden of proof must then identify contrary evidence as to each fact.

Any claims or affirmative defenses not specifically identified and supported as required above will be deemed waived.

**Example**:

*Claim 1:  Breach of contract under Colorado law*
This claim is triable to a jury.
Plaintiff has burden of proof on all elements by a preponderance of the evidence

**Elements:**

**(1)-(3) offer, acceptance, consideration**

The parties stipulate that these elements are satisfied.

**(4) performance by the plaintiff**

| Evidence in Support | Evidence Against |
|---|---|
| (a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc. (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 4) | (a) Peter Plaintiff delivered a crate, but it contained blidgets, not widgets. Blidgets are distinct from widgets because they are octagonal rather than triangular in shape. (Testimony of Don Defendant; Exhibit 32) |
| (b) The widgets conformed to the specifications in the contract, because they were 3 inches long and made of copper. (Testimony of Peter Plaintiff; Exhibit 2) | (b) The blidgets did not conform to the specifications in the contract, because they were not widgets and would not fit into the machinery for which they were designed. (Testimony of Don Defendant; Exhibit 33) |
| (c) The widgets were delivered on the date set by the contract. (Exhibit 2) | (c) The blidgets were delivered on the date set for delivery of the widgets. (Exhibit 2) |

### (5) non-performance by the defendant

| Evidence in Support | Evidence Against |
|---|---|
| (a) Widget Packers, Inc. failed to remit payment on the terms set by the contract, which required payment by cash or check within 3 weeks after the crate was delivered. (Testimony of Barry Bookkeeper; Exhibit 2) | (a) Widget Packers, Inc. was not required to remit payment under the terms of the contract, because the contract required payment to be made within 3 weeks of delivery of the widgets. No widgets were ever delivered. (Testimony of Don Defendant; Exhibit 2) |
| (b) Peter Plaintiff has made several written demands for payment. (Peter Plaintiff; Exhibits 3, 5, 7) | (b) Not disputed. |

### (6) damages

| Evidence in Support | Evidence Against |
|---|---|
| (a) Peter Plaintiff has been damaged in the contract amount of $10,000, which was the contract price for the widgets. (Testimony of Peter Plaintiff; Exhibit 2). | (a) Peter Plaintiff has not been damaged because Peter Plaintiff was not entitled to payment due to his delivery of blidgets rather than widgets. (Testimony of Don Defendant) |

*Claim 2:  Unjust Enrichment under Colorado law*
This claim is triable to the bench.
Plaintiff has burden of proof on all elements by a preponderance of the evidence

**Elements:**

### (1) Defendant has received a benefit

| Evidence in Support | Evidence Against |
|---|---|
| (a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc. pursuant to a contractual agreement. (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 4) | (a) Peter Plaintiff delivered a crate, but it contained blidgets, not widgets. (Testimony of Don Defendant; Exhibit 32) |

### (2) the benefit is at the Plaintiff's expense

| Evidence in Support | Evidence Against |
| --- | --- |
| (a) Widget Packers, Inc. failed to remit payment on the terms set by the contract. (Testimony of Barry Bookkeeper; Exhibit 2) | (a) Widget Packers, Inc. was not required to remit payment under the terms of the contract. (Testimony of Don Defendant; Exhibit 2) |

### (3) justice requires that Defendant reimburse the Plaintiff for the benefit received

| Evidence in Support | Evidence Against |
| --- | --- |
| (a) The widgets have a market value of $15,000. (Testimony of Peter Plaintiff) | (a) The number of widgets which should have been delivered under the contract would have had a market value of $15,000, but no widgets were delivered. (Testimony of Don Defendant) |
| (b) Don Defendant is in breach of the contract. (Testimony of Peter Plaintiff) | (b) Peter Plaintiff failed to deliver widgets, and Don Defendant was not required to pay for the bildgets. (Testimony of Don Defendant) |

*Affirmative Defense to Claim 2: Failure to mitigate under Colorado law*
   This defense is triable to a jury.
   Defendant has burden of proof on all elements by a preponderance of the evidence

   **Elements:**

### (1) Plaintiff had a reasonable opportunity to avoid injury

| Evidence in Support | Evidence Against |
| --- | --- |
| (a) On March 5, 2004, Don Defendant left a message on Peter Plaintiff's voice mail offering to return the crate unopened. (Testimony of Don Defendant; Peter Plaintiff) | (a) Not disputed. |

| | |
|---|---|
| (b) On March 8, 2004, Don Defendant wrote to Peter Plaintiff, offering to assign the contract for the purchase of widgets to WidgetCo.  (Testimony of Don Defendant; Warren Widget; Exhibit 6) | (b) Peter Plaintiff did not receive such letter, except during discovery in this action more than 2 years after it was purportedly mailed.  (Testimony of Peter Plaintiff) |

**(2) Plaintiff unreasonably failed to avail itself of opportunities to avoid injury**

| Evidence in Support | Evidence Against |
|---|---|
| (a) Peter Plaintiff did not respond to the March 5, 2004 message.  (Testimony of Don Defendant) | (a) Peter Plaintiff wrote a letter to Don Defendant asking to discuss the matter further, but received no response to that letter.  (Testimony of Peter Plaintiff) |
| (b) Peter Plaintiff did not respond to the March 8, 2004 letter.  (Don Defendant) | (b) Not disputed. |

Section 4:  Stipulations of fact – The purpose of trial is to resolve only disputed facts.  A party who refuses to stipulate to particular facts should be prepared to identify and produce specific items of contradictory evidence, or to identify the anticipated source of such evidence and demonstrate why such evidence could not previously have been obtained.  Fed. R. Civ. P. 11(b)(4).

The parties need not stipulate to the materiality or significance of the facts, only to the facts themselves – what happened, what was said, what was written, etc.  For example: On January 1, 2004, Peter Plaintiff and Don Defendant entered into a contract.  The contract contained several terms.  One term stated that Peter Plaintiff would deliver one crate of widgets to Don Defendant on March 3, 2004.

Section 5: Pending motions – In addition to the information required in Appendix G, parties shall also identify all motions either party anticipates making prior to trial, including the relief to be requested.

Section 6:  Witnesses – In lieu of the designations required in Appendix G, the parties shall attach a single joint list of all witnesses a party intends to call.  The form is found at: www.co.uscourts.gov/judges/msk_witness.pdf.  There should be no designation as "may call" or "will call."  Unless the parties stipulate that a certain witness shall be present, the party desiring the witness' attendance must secure it.  Include the maximum estimated length of time necessary for direct and cross-examination.  Direct examination should include redirect examination.  Witnesses who will be called in both the Plaintiff's and Defendants' case can be listed once, with the amount of time estimated for Plaintiff's direct examination, Defendants' direct examination, Plaintiff's cross-examination, and Defendants' cross-examination separately listed in the appropriate columns.

Section 7:  Exhibits – The listing of exhibits shall be on a single joint exhibit list using the form available at www.co.uscourts.gov/judges/msk_exhibit.pdf.  Exhibits shall be sequentially numbered.

The provisions of subsection (b) of Appendix G regarding the filing of objections to exhibits are waived.  All objections are reserved for trial.

Dated this 8th day of May, 2007

**BY THE COURT:**

*Marcia S. Krieger*
_____

   Marcia S. Krieger
   United States District Judge