IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 01-cv-01807-MSK-MJW

BANK ONE, N.A. (successor to Bank One, Colorado, N.A.), and
BANK ONE TRUST COMPANY, N.A., as Trustee of the Dora Lucille Jamison Trust and the
Jamison Family Trust,

       Plaintiffs,

v.

C.V.Y. CORPORATION, d/b/a Your Valet Cleaners, and
JOHNNY ON THE SPOT, INC.,

       Defendants.

---

BOULDER CLEANERS, INC., and
JOHN'S CLEANERS, INC.,

       Cross-Plaintiffs,

v.

C.V.Y. CORPORATION, d/b/a Your Valet Cleaners,

       Cross-Defendant.

---

C.V.Y. CORPORATION, d/b/a Your Valet Cleaners,

       Counterclaimant,

v.

BANK ONE, N.A. (Successor to Bank One, Colorado, N.A.) and
BANK ONE TRUST COMPANY, N.A., as Trustee of the Dora Lucille Jamison Trust and the
Jamison Family Trust,

       Counterclaim Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on a Motion for Reconsideration **(#474)** filed by the Defendants, C.V.Y. Corporation and Johnny on the Spot, Inc. (referred to herein as "CVY and JOS"), to which the Plaintiffs' responded **(#479)**, and CVY and JOS replied **(#480)**.  Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

This case has been litigated for approximately six years.  During that time, a number of Defendants have settled with the Plaintiffs and case law has evolved, provoking the parties to repeatedly request determination and then reconsideration of  whether the remaining Defendants CVY and JOS can be liable to the Plaintiffs for more than their proportionate share of the environmental harm to the property.  The Court has repeatedly ruled that CVY and JOS cannot be liable to the Plaintiffs for more than their proportionate share of the fault for a number of reasons, including the estoppel created by the settlements in this litigation.

In its most recent Order **(#458)** denying CVY's and JOS' request to amend the pleadings to assert a CERCLA § 113 counterclaim and a contractual indemnification counterclaim, the Court stated:

> Regardless of what claims, counterclaims, or cross-claims have been pled in this case, there are limited, discrete factual issues to be tried.  If necessary and appropriate, the pleadings can be amended to conform with the evidence. *See* Fed. R. Civ. P. 15(b); *Green Country Food Market, Inc. v. Bottling Group, LLC,* 371 F.3d 1275, 1280-81 (10th Cir. 2004).

CVY and JOS are unhappy with this solution and ask the Court to allow them to assert a

CERCLA § 113 counterclaim against both Plaintiffs Bank One, N.A., and Bank One Trust, and a

contractual indemnity counterclaim against Bank One, N.A.  In support of this request, they cite

to the United States Supreme Court's recent decision in *United States v. Atlantic Research Corp.*,

_ U.S. _, 127 S. Ct. 2331 (2007), which they claim "holds that . . . a defendant should be

permitted to file a CERCLA § 113 counterclaim in response to a CERCLA § 107 claim so that

equitable apportionment is triggered."

The Supreme Court "held" no such thing.  What the Supreme Court held was that

potentially responsible parties can assert a cost recovery claim under CERCLA § 107 against

other potentially responsible parties.  The Supreme Court merely noted, in *dicta*, that a potentially

responsible party "may trigger equitable apportionment by filing a § 113(f) counterclaim."  *Id.*,

127 S. Ct. at 2339.

The Court understands that CVY and JOS would like to formally assert a § 113(f)

counterclaim before commencement of trial in order to preserve their right to request equitable

apportionment.  The Court has informed them that formal amendment of the pleadings is not

required to preserve any such right.  Indeed, equitable apportionment is a matter within the

exclusive province of the Court.  If the evidence at trial demonstrates the need for equitable

apportionment, the Court will consider it.

As for the contractual indemnity counterclaim, CVY previously asserted such claim, but

the Court dismissed it more than three years ago because CVY could only be liable for its own

actions (and not the actions of anyone else), and the contract did not allow CVY to seek

indemnification for its own actions.  Thus, the claim was, and continues to be, unnecessary.

3

Should that change during the course of the trial, the Court will entertain any motions as may be appropriate.

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration **(#474)** is **DENIED**.

Dated this 9th day of August, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge